[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by the State of Ohio from a judgment of the Portage County Municipal Court, Ravenna Division, granting Tamara Hagerty's motion to suppress.
Just after midnight on January 1, 2001, Officer Troy Beaver of the Streetsboro Police Department observed appellee, Tamara Hagerty, driving westerly on State Route 14 in the City of Streetsboro. Officer Beaver followed appellee and determined that she was traveling thirty-two miles per hour where the posted speed limit was fifty miles per hour. The stretch of State Route 14 on which appellee was driving has five lanes of traffic — two lanes for traveling in each direction and one turning lane. Officer Beaver did not observe appellee driving erratically or weaving during the time he followed her.
Officer Beaver followed appellee until the speed limit of the road increased to sixty-five miles per hour. At the point where the speed limit increased, appellee accelerated to forty miles per hour. Officer Beaver then stopped appellee for driving at such a slow speed as to impede traffic, in violation of R.C. 4511.22. Upon approaching appellee's car, Officer Beaver smelled a slight odor of alcohol. Officer Beaver also noticed, based upon appellee's driver's license, that she was underage. He then administered a portable breath test, which indicated a blood alcohol concentration of .052%. Officer Beaver also performed a horizontal gaze nystagmus test on appellant, finding one indicator in each eye. After performing these tests, Officer Beaver took appellee to the police station.
Appellee was charged with slow speed, in violation of R.C. 4511.22; driving under the influence, in violation of R.C. 4511.19(B)(1); and, underage consumption of alcohol, in violation of R.C. 4301.632. Appellee filed a motion to suppress, arguing, inter alia, that all evidence obtained as a result of the traffic stop should be suppressed because it was the result of an illegal stop.
After a hearing at which Officer Beaver testified, the trial court granted appellee's motion to suppress, concluding that:
 "In order for the Court to overrule the motion to suppress, it must find that the officer had reasonable cause to believe that a traffic violation had occurred. A motorist violates sec. 4511.22 not merely by driving at a noticeably slow speed but by impeding the normal and reasonable movement of traffic. The evidence was that [appellee] was driving at a speed of 32 miles per hour in the passing lane of a four-lane highway with a posted speed limit of 50 miles per hour. When the speed limit changed to 65 miles per hour, she increased her speed to 40 miles per hour. Traffic was light. Beaver did not testify that there were any vehicles besides [appellant] and himself on the highway at that time. It is difficult for the Court to see how [appellee's] driving impeded the flow of traffic under those circumstances. * * * The Court finds that Beaver did not have reasonable cause to make a traffic stop. The motion to suppress is granted."
The state filed a notice of appeal, pursuant to Crim.R. 12(J) and R.C.2945.67, raising the following assignment of error:
 "[t]he trial court erred when it granted Hagerty's motion to suppress."
In support of its assignment of error, the state makes two arguments: first, it argues that Officer Beaver had probable cause to stop appellee for a violation of R.C. 4511.22(A); second, Officer Beaver had a reasonable suspicion that appellee was driving under the influence of alcohol.
 "At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. * * * On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. * * * After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met." Ohio v. Hrubik (June 30, 2000), 11th Dist. No. 99-A-0024, 2000 Ohio App. LEXIS 2999, at *4-5.
A stop is constitutional if either a reasonable suspicion or probable cause supports it. The test for probable cause is: "whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio (1964), 379 U.S. 89, 91. An officer's observation of any traffic law violation constitutes sufficient grounds to stop the vehicle observed violating the law. Dayton v. Erickson, 76 Ohio St.3d 3,11-12, 1996-Ohio-431. When an officer witnesses a minor traffic violation, the officer is justified in stopping the vehicle for the purpose of issuing a citation. State v. Jennings (Mar. 3, 2000), 11th Dist. No. 98-T-0196, 2000 Ohio App. LEXIS 800, *8-9.
The state argues that the trial court erred in its interpretation of R.C. 4511.22(A). R.C. 4511.22(A) provides that:
 "[n]o person shall stop or operate a vehicle * * * at such a slow speed as to impede or block the normal and reasonable movement of traffic, except when stopping or reduced speed is necessary for safe operation or to comply with law."
The state argues that, although Officer Beaver testified that traffic was light and there were no other cars behind appellee, appellee was impeding the normal and reasonable movement of traffic because Officer Beaver was behind her.
This court has found that "`* * * although one may be stopped for going substantially under the speed limit, generally such a defendant has been found to have been seriously impeding traffic or going unreasonably slowto create a safety risk before a stop is justified.'" (Emphasis sic.)State v. Echols (June 26, 1998), 11th Dist. No. 97-T-0101, 1998 Ohio App. LEXIS 2897 at *3; quoting State v. Cockrell (July 25, 1994), 4th Dist. No. 93CA1957, 1994 Ohio App. LEXIS 3372.
In its consideration of the motion to suppress, the trial court found that: appellant was driving thirty-two miles per hour on a four-lane highway with a posted speed limit of fifty miles per hour; appellant sped up to forty miles per hour when the speed limit changed to sixty-five miles per hour; traffic was light; and, there were no other cars on the road when Officer Beaver was following appellee. We must accept these findings of fact as true.
Viewing these facts and circumstances, as found by the trial court, they are not sufficient to cause a prudent person to have probable cause to believe that appellee was impeding the flow of traffic in violation of R.C. 4511.22(A). Though Officer Beaver claims that his progress was impeded by appellee, he failed to indicate any reason why he could not have safely passed appellant. Indeed, Officer Beaver remained behind appellee in order to track her speed, not because she was impeding his progress. While the state is correct that the definition of traffic includes a single vehicle as well as many vehicles, the movement of Officer Beaver, the only traffic on the road at that time, was not impeded.
Furthermore, although appellant was traveling eighteen miles per hour under the speed limit, considering the late hour, light traffic, and wet pavement, a prudent person would not be justified in believing that appellee was driving so slowly as to constitute a safety hazard.
The state also claims that, even if Officer Beaver did not have probable cause to stop appellee for violating R.C. 4511.22(A), he did have a reasonable suspicion that she was driving under the influence of alcohol, based upon the facts that she was driving slowly and it was just after midnight following New Year's Eve.
When determining whether an investigative stop of a vehicle is constitutional, we must determine whether the officer had a reasonable suspicion, based on specific and articulable facts, that criminal behavior has occurred or is about to occur. Terry v. Ohio (1968),392 U.S. 1, 30. The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances as viewed through the eyes of a reasonable and prudent police officer who must react to events as they unfold. State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88; State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
In his testimony at the suppression hearing, Officer Beaver said that he did not observe appellee drive erratically or weave in her lane. The only driving difficulty Officer Beaver noticed was appellee's slow speed. Indeed, Officer Beaver does not claim that he suspected appellee of driving under the influence of alcohol prior to smelling a slight odor of alcohol, after he stopped appellee's car. Prior to this, Officer Beaver had observed nothing which should lead a reasonable and prudent police officer to believe that appellee was driving under the influence of alcohol. That a person is driving slowly just after midnight on a cold, wet New Year's Eve is not, under the totality of the circumstances test, sufficient in itself to support a suspicion that the person is driving under the influence of alcohol.
The state relies on State v. Schriml (Aug. 29, 1997), 2nd Dist. No. 16301, 1997 Ohio App. LEXIS 3822, for its proposition that driving slowly on New Year's Eve creates a reasonable suspicion that the driver is under the influence of alcohol. The facts of Schriml, however, are distinguishable from the facts of the present case. In Schriml, the driver was stopped at an intersection with a traffic signal just after midnight. The traffic light was green, but the driver did not move for thirty seconds. The police officer sounded his horn and waited ten more seconds, but the driver still did not move. When the police officer got out of his car to check on the driver, the driver looked at him and drove off. The officer followed and stopped the car at the next intersection. The court found that these were sufficient facts to justify an investigative stop to determine whether the driver was under the influence of alcohol. These facts, including the fact that Schriml drove away after seeing the officer approach the car to speak to her, are not present in this case.
Appellant's assignment of error is without merit. The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., concur.